**GALLAGHER & ASCHER COMPANY**

v.

**UNITED STATES.**

**C.D. 3695; Protests 62/10069–12783.**

United States Customs Court, Second Division.

Feb. 10, 1969.

Wallace & Schwartz, Chicago, Ill. (Earl R. Lidstrom and Joseph Schwartz, Chicago, Ill., of counsel) for plaintiff.

William D. Ruckelhaus, Asst. Atty. Gen. (Harold L. Grossman and Alfred A. Taylor, Jr., New York City, trial attorneys) for defendant.

Before RAO, Chief Judge, and FORD, Judge.

FORD, Judge:

The cases listed in schedule "A," annexed hereto and made a part hereof, consist of certain parts for use in a paper cup making machine. The merchandise was assessed with duty at the rate of 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739. Defendant in its brief contends the classification was as "parts" of articles having as an essential feature an electrical element or device. Whether the classification was under a specific provision of paragraph 353 or as parts of such articles is of no consequence as far as this case is concerned.

Plaintiff contends the imported articles do not themselves contain electrical elements or devices and that the cup making machine for which they are parts may utilize other forms of power. It is, therefore, claimed the imported merchandise is properly subject to duty at 11½ per centum ad valorem under the provisions of paragraph 372, Tariff Act

of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas.Dec. 150, T.D. 54108, as parts of machines, not specially provided for, other.

The pertinent portions of the statutes provide as follows:

Paragraph 353, Tariff Act of 1930, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

    *    *    *    *    *    *    *    *

    Other * * * ..........................13¾% ad val.

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part (not including X-ray tubes or parts thereof) ...............The same rate of duty as the articles of which they are parts.

Paragraph 372, Tariff Act of 1930, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided for:

    *    *    *    *    *    *    *    *

    Other * * * ...........................11½% ad val.

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of any article provided for in any item 372 in this Part ...................The rate for the article of which they are parts.

———◆———

Paragraph 353, Tariff Act of 1930, as modified by T.D. 52739:

The testimony of the sole witness, Mr. Howard W. Johnson, who designed the machine as well as the imported parts, was to the effect that the machine is known as Model 233; that the machine is used solely by the Solo Cup Company to manufacture paper cups and operates as follows:

We have a roll of paper we feed into the machine mechanically, we cut a prescribed blank, which is then transferred through a gluing mechanism to put a gluing patent upon the blank, and from there we transfer to the folding station onto a mandrel. This mandrel turret then takes us to a position where we bottom, form the bottom of the cup, then it indexes to a position where the cup is transferred by air to a top curl turret, thereby indexes through top curling stations, and is then discharged from the machine as a finished cup.

The imported parts were described by the witness as being essential to the operation of the cup making machine without which it could not function. The remainder of the testimony related to the six electrical functions of the machine, and how substitution could be made without substantial modification to the machine.

Defendant at the outset of its brief concedes that the cup making machine, Model 233, can be operated by other than electric motors. The record clearly substantiates this concession and based upon the concession and record and following the principles enunciated in United States v. Dryden Rubber Co., 22 CCPA 51, T.D. 47050; Ralph C. Coxhead Corp. v. United States, 22 CCPA 96, T.D. 47080; United States v. Baker Perkins Inc., R. F. Downing Co., Inc., 46 CCPA 128, C.A.D. 714, we find said machine not to fall within the purview of paragraph 353, *supra.*

However, defendant urges that unless there is substantial evidence of the propriety of the claim of plaintiff, the protest must be overruled whether or not the classification is correct. Citing United States v. National Starch Products, Inc., 50 CCPA 1, 318 F.2d 737, C.A.D. 809, and cases cited therein. It is the position of defendant that there has been no showing that the imported articles are parts of machines, not specially provided for, particularly under the principle of dedication enunciated in Gallagher & Ascher Company v. United States, 52 CCPA 11, C.A.D. 849, and as relied upon in our decision in Close and Stewart v. United States, 58 Cust.Ct. 350, C.D. 2985, wherein we stated:

In order to establish that an importation is a part, it must be shown that, in its imported condition, it is dedicated for use exclusively with the article of which it is claimed to be a part, and that it serves a necessary or important, or useful purpose in the functioning of that article.

We are of the opinion that such evidence of dedication is contained in the record as made. The witness designed both the cup making machine and the imported parts. The cup making machine according to the evidence is used solely by the Solo Cup Company. The additional requisites set forth, *supra,* are also met since the witness testified that the imported articles are necessary to the function of the cup making machine.

Based upon the foregoing we may conclude that the imported articles are parts of a machine rather than parts of an article having as an essential feature an electrical element or device. Defendant, however, further urges that there has been no showing that the cup making machine is not specially provided for. An examination of the various trade agreements under the provisions of paragraph 372, Tariff Act of 1930, as well as our decision in Gallagher & Ascher Company v. United States, 53 Cust.Ct. 290, Abstract 68823, involving another cup making machine, wherein we held such machine to be properly subject to classification under paragraph 372, *supra,* as a machine, not specially provided for, leads us to the conclusion that these imported articles are properly subject to classification as claimed. The protests are accordingly sustained.

Judgment will be entered accordingly.